NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELIZABETH HUNTER, | : |
| Plaintiff, | : Civil Action No. 13-00548 (SRC) |
| v. | : |
|  | : OPINION |
| GENESIS HEALTHCARE and LOCAL 1199 OF THE SEIU, | : |
| Defendants. | : |

**CHESLER**, District Judge

This matter is before the Court upon the motion of Defendant 1199 SEIU Healthcare Workers East ("Union") to dismiss the breach of the duty of fair representation claim contained in the Amended Complaint filed by Plaintiff Elizabeth Hunter ("Plaintiff" or "Hunter") [Docket Entry 34]. Plaintiff has opposed the motion. [Docket Entry 38.] Pursuant to Federal Rule of Civil Procedure 78, the Court will rule on the papers submitted, and without oral argument. For the reasons discussed below, Plaintiff's claim as to the Union is time-barred. As such, the Court will grant the Union's motion and dismiss Count Three of the Amended Complaint.

**BACKGROUND**[1]

This lawsuit, originally filed in state court on November 14, 2012, arises out of the

---

[1] On a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court's review is limited to the complaint and a few other basic documents. See Pension Ben. Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Consequently, the Court's statement of the facts does not represent factual findings, but instead a recital of the relevant allegations contained in Plaintiff's Amended Complaint [Docket Entry 28].

termination of Plaintiff's employment with Defendant Genesis HealthCare LLC ("Genesis").[2]
On all relevant dates, Plaintiff was a member of the Defendant Union. (Am. Compl. ¶ 7.)
Plaintiff alleges that the Union twice failed to "protect [Plaintiff's] interests or rights under" the collective bargaining agreement ("CBA") between the Union and Genesis. (Am. Compl. ¶¶ 10, 15.) The first such failure occurred on October 22, 2011, when Genesis disciplined Plaintiff and the Union did not provide Plaintiff with a "written statement of her rights" after she requested one. (Am. Compl. ¶ 10.) The Amended Complaint also alleges that after Genesis terminated Plaintiff's employment on February 26, 2012, Plaintiff again requested – but did not receive – "written documentation setting forth her rights." (Am. Compl. ¶ 15.) Further, Plaintiff alleges that the Union neither filed on Plaintiff's behalf nor counseled Plaintiff on how to file a grievance under the CBA. (Am. Compl. ¶¶ 15-16.) Plaintiff claims these omissions constitute a breach of the Union's duty of fair representation.

## DISCUSSION

### A. Standard of Review

A complaint will survive a Rule 12(b)(6) motion only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement showing that the pleader is entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). To

---

[2] The Union removed to this Court on January 28, 2013 [Docket Entry 1]. The breach of the duty of fair representation claim against the Union contained in Plaintiff's initial Complaint was dismissed without prejudice on April 15, 2013 [Docket Entry 24]. Plaintiff filed her Amended Complaint on May 7, 2013 [Docket Entry 28].

dismiss a claim on the basis of a statute of limitations defense, the time bar must be evident on the face of the complaint. Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

B.  **The Union's Motion to Dismiss**

The Union moves to dismiss the breach of the duty of fair representation claim on the grounds that the claim is time-barred.[3] The Union contends that Plaintiff's initial Complaint was filed outside of the six-month window within which Plaintiff could bring a fair representation claim against it. See DelCostello v. Int'l Bd. of Teamsters, 462 U.S. 151, 169-70 (1983) (holding that six-month statute of limitations applies to fair representation claims). In opposition, Plaintiff effectively concedes the untimeliness of her fair representation claim, and instead argues that the statute of limitations should be tolled because Union representatives did not provide Plaintiff with a copy of the operative CBA until four months after her suit was filed. (Opp. Br. at 2.) In this regard, Plaintiff relies exclusively on Gardner v. International Telegraph Employees Local No. 9, in which the Ninth Circuit tolled the six-month statute of limitations because of "fraudulent concealment" on the part of the defendant union. See 850 F.2d 518, 523 (9th Cir. 1987).

After considering the parties' arguments, the Court finds that Plaintiff's fair representation claim is time-barred and should be dismissed. According to the factual allegations in the Amended Complaint, Plaintiff's fair representation claim against the Union accrued no later than February 2012, when for the second time Plaintiff requested assistance and a written statement of her rights from a Union representative but received neither. See Podobnik v. U.S. Postal Serv., 409 F.3d 584, 593 (3d Cir. 2005) (stating that a fair representation claim accrues

---

[3] The Union also argues that it "had no duty to of fair representation to Plaintiff" because the Union did not act as Plaintiff's exclusive agent for the purpose of initiating a grievance. (Def. Br. at 4-5.) Because the Court finds that Plaintiff's claim is untimely, it need not reach the merits of the Union's alternative argument.

3

when the plaintiff knows of the acts "contributing to the union's wrongdoing in failing to adequately represent the member's interests"). The failure to provide a written statement of rights is the very act that Plaintiff alleges constitutes a failure on the part of the Union to represent her interests. (Am. Compl. ¶ 15.) Plaintiff's lawsuit, however, was not filed until November 14, 2012. Thus, for Plaintiff's fair representation claim against the Union to be timely, it would have had to accrue on or after June 14, 2012, not four months earlier. It is clear that, accepting as true the Amended Complaint's factual allegations, the fair representation claim against the Union was filed after the expiration of the six-month limitations period.

Plaintiff cannot rely on the doctrine of equitable tolling to preserve her untimely claim. See Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997) (noting that the party invoking equitable tolling bears the burden of proof). For equitable tolling to apply here, Plaintiff would have had to allege facts showing that the she did not comply with the six-month limitations period because the Union "actively misl[ead]" her or prevented her in "some extraordinary way" from asserting her rights. See Pobodnik, 409 F.3d at 591. The Amended Complaint, however, alleges nothing more than the Union's failure to provide Plaintiff with the CBA and to file a grievance on her behalf. Such behavior is not misleading or extraordinary; indeed, it is passive, not active. Moreover, Plaintiff's reliance on Gardner is misplaced. In that case, the plaintiff alleged that the defendant union affirmatively lied to the plaintiff by telling plaintiff (falsely) that he had no redress whatsoever. See Gardner, 850 F.2d at 523. Similar allegations are absent here. In sum, the equitable tolling remedy is to be extended "sparingly," Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), and the Court will abstain from applying it here.

## CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Count Three of the Amended Complaint, the breach of the duty of fair representation claim against the Union. An appropriate Order accompanies this Opinion.

  s/ Stanley R. Chesler  
  STANLEY R. CHESLER  
  United States District Judge

Dated: September 11, 2013